# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE LOUIS VALENTINE, | CASE NO. 1:11-cv-1220-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| J. YERENA, | (DOC. 1) |
| Defendant. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

**Findings And Recommendations**

I.   **Background**

Plaintiff Joe Louis Valentine ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action by filing his complaint on July 25, 2011. On March 5, 2012, the Court screened Plaintiff's complaint and found that it stated a cognizable claim against Defendant J. Yerena for retaliation in violation of the First Amendment, but failed to state any other claims. Plaintiff was provided the opportunity to file an amended complaint or to notify the Court that he is willing to proceed only on the cognizable claims found. Plaintiff filed his notice on March 16, 2012. The Court thus issues the following.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

1

legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**II.    Summary Of Complaint**

Plaintiff is incarcerated at Kern Valley State Prison ("KVSP"), where the events giving rise to this action occurred.  Plaintiff names as Defendant J. Yerena, Jr, an Institution Gang Investigator ("IGI").

Plaintiff alleges the following.  On June 27, 2007, Plaintiff was transferred from general population to administrative segregation by prison officials based on Defendant Yerena's allegation of Plaintiff's prison gang involvement.  *Id.* at 5.  Seven independent source items were supposedly used to validate Plaintiff as a member of the Black Guerilla Family ("BGF").  *Id.* The validation was submitted to the Office of Correctional Safety, which approved it.  *Id.* Defendant Yerena's recommendation of validation was motivated by retaliation against Plaintiff for filing a 602 inmate grievance/complaint on August 30, 2006 against correctional officer Garcia.  *Id.* at 5-5A.  On September 22, 2006, Plaintiff was placed in administrative segregation ("ad seg") and separated from Garcia.  *Id.* at 5A. Plaintiff was held in ad seg from September 22, 2006 to December 3, 2006 pending an investigation.  During Plaintiff's time in ad seg, Defendant Yerena informed Plaintiff that he had the ability to validate Plaintiff as a member of disruptive

2

group, but had not done so. *Id.* Defendant Yerena told Plaintiff that if he continued his complaint, Defendant Yerena would validate him. *Id.* Plaintiff made it clear that he would not drop the complaint. *Id.* After Plaintiff was released to general population on December 3, 2006, Defendant Yerena confiscated all of Plaintiff's political writings, pictures, and address lists. *Id.* Plaintiff contends that the items used to validate him should not have been relied upon as evidence of membership in a disruptive group, as they were indicative of his political beliefs, not disruptive group membership. *Id.* at 5B. Defendant Yerena stated to Plaintiff that he did not agree with Plaintiff's political beliefs, which Plaintiff contends is a reference to Plaintiff's political texts, and writings by George Jackson, an alleged founder of BGF. *Id.* at 5C-5D. Plaintiff contends that Defendant Yerena's actions were clearly motivated by Plaintiff filing a complaint and his political beliefs. *Id.* at 5D.

Plaintiff contends a violation of the First Amendment, the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment. Plaintiff requests as relief compensatory and punitive damages, and costs of suit.

### III. Analysis

#### A. First Amendment

Retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a § 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). Abuse of the gang validation process is a sufficient adverse action. *Bruce v. Ylst*, 351 F.3d 1283, 1289 (9th Cir. 2003).

Plaintiff state a cognizable retaliation claim against Defendant Yerena. Plaintiff alleges that Defendant Yerena submitted a gang validation for Plaintiff because Plaintiff had filed an

3

inmate grievance against another correctional officer, and for his political beliefs.

**B.     Eighth Amendment**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege facts sufficient to support a claim that officials knew of and disregarded a substantial risk of serious harm to him. *E.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Mere negligence on the part of the official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. *Farmer*, 511 U.S. at 835; *Frost*, 152 F.3d at 1128.

Plaintiff fails to state a claim for violation of the Eighth Amendment, as Plaintiff has failed to allege a serious harm, or that Defendant knew of and disregarded an excessive risk of serious harm to Plaintiff.

**C.     Due Process**

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. *Id.* Liberty interests may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of administrative segregation. *See id.* With respect to liberty interests arising from state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. *Sandin v. Conner*, 515 U.S. 472, 481-84 (1995). Liberty interests created by prison regulations are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary

4

incidents of prison life." *Id.* at 484.  Plaintiff has not sufficiently alleged a liberty interest regarding confinement in the SHU.

Even assuming Plaintiff had alleged a liberty interest, Plaintiff has not stated a due process claim.  Placement in administrative segregation, or the SHU if done for administrative rather than disciplinary purposes, requires notice to the prisoner, an opportunity for the prisoner to submit information, and non-adversarial review of the information supporting placement. *Toussaint v. McCarthy*, 801 F.2d 1080, 1100 (9th Cir. 1986).  A prison gang validation proceeding is subject to the "some evidence" standard where it is an administrative strategy rather than a disciplinary action.  *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (citing *Superintendent v. Hill*, 472 U.S. 445, 455 (1985)).  Under *Hill,* there is no independent assessment of witness credibility or reweighing of evidence; rather "the relevant question is whether there is any evidence in the record that could support the conclusion." *Hill*, 472 U.S. at 455-56.  Here, there is "some evidence" that supports the gang validation of Plaintiff. The Court notes that for purposes of retaliation, the "some evidence" standard is inapplicable. *Bruce*, 351 F.3d at 1289.

## IV.    Conclusion

Plaintiff states a cognizable First Amendment claim against Defendant Yerena for retaliation.  Plaintiff does not state any other claims.  Plaintiff was provided the opportunity to file an amended complaint to cure the deficiencies identified.  Plaintiff notified the Court that he wished to proceed only on the retaliation claim.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action proceed against Defendant J. Yerena for retaliation in violation of the First Amendment; and

2. All other claims be dismissed from this action for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate

Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **April 27, 2012**          /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE